Gary C. Weisberg, Bar No. 132092
Anish J. Banker, Bar No. 215941
PALMIERI, TYLER, WIENER, WILHELM & WALDRON LLP
2603 Main Street
East Tower - Suite 1300
Irvine, California 92614-4281
Telephone: (949) 851-9400
Facsimile: (949) 757-1225

Attorneys for Plaintiff
OMNIA ITALIAN DESIGNS, INC.

Priority ___
Send ___
Enter ___
Closed ___
JS6 ✓
JS-2/JS-3 ___
Scan Only ___

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

OMNIA ITALIAN DESIGNS, INC., a California corporation,

    Plaintiff,

v.

LEATHER DEPOT, a.k.a. LEATHER POINTE, a.k.a. COASTAL LEATHER, an unknown form of business entity, and DOES 1 through 10, inclusive,

    Defendants.

) Case No. EDCV07-01479 SGL (JCRx)
)
) [~~PROPOSED~~] **ORDER FOR ENTRY OF CONSENT DECREE AND/OR JUDGMENT**

Pursuant to the Consent Decree entered into by and between Plaintiff Omnia Italian Designs, Inc., a California corporation ("Omnia" and/or "Plaintiff"), and Defendants Leather Depot, a.k.a. Leather Pointe, a.k.a. Coastal Leather, operating as an internet-based business, along with its principal William John Lynne (collectively referred to hereinafter as "Leather Depot" and/or "Defendant") on or about December 20, 2007,

**IT IS SO ORDERED AND ADJUDGED** that Defendant and its agents, servants, and employees, and all persons acting under, in concert with, or for them, are permanently enjoined from:

Palmieri, Tyler, Wiener
Wilhelm & Waldron LLP
Attorneys at Law

[PROPOSED] ORDER FOR ENTRY OF CONSENT
DECREE AND/OR JUDGMENT

- Using or displaying the name "Omnia," or any reproduction, character, copy or colorable imitation of Plaintiff's "Omnia" trade name or service mark, in connection with Defendant's business name, including but not limited to Defendant's internet website, or any other form of media in which Defendant advertises its business services;
- Using or displaying the name "Omnia" or any reproduction, character, copy, or colorable imitation of Plaintiff's "Omnia" trade name or service mark, on/or to describe Defendant's products, services, or otherwise referencing the "Omnia" trade name or service mark on Defendant's internet website, or any other form of media in which Defendant advertises its business, for the purpose of enhancing the commercial value and/or selling and/or soliciting purchases of Defendant's services;
- Otherwise diluting the distinctive quality of, or infringing Plaintiff's trade name or service mark;
- Causing likelihood of injury to Plaintiff's business reputation and/or goodwill;
- Causing the likelihood of confusion, deception, or mistake as to the source, nature, or quality of Plaintiff's goods or services; and,
- Making, disseminating, or causing to be made or disseminated before the public in this state, and any internet website, newspaper, or other publication, or advertising device, by public outcry or proclamation or any other manner whatsoever, any statement purporting to identify Defendant as an authorized dealer, distributor and/or seller of the Omnia line of products.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant shall be liable for stipulated penalties to Plaintiff for violations of this Consent Decree as specified below. A violation includes failing to perform any obligation required by the terms of this Decree.

If Defendant shall violate any sections set forth above, Defendant shall be subject to a stipulated penalty of Three Thousand Dollars ($3,000) per day per violation, including any

consequential damages incurred by Plaintiff as a result of Defendant's violation. The stipulated penalties shall accrue per violation per day for each violation of this Consent Decree, and shall continue to accrue until the violation ceases.

Defendant shall pay any stipulated penalty within thirty (30) days of receiving demand by Plaintiff.

Plaintiff may, in the exercise of its discretion, reduce or waive the stipulated penalties otherwise due to it under this Consent Decree.

Stipulated penalties shall continue to accrue as provided above during any dispute resolution, with interest on accrued penalties payable and calculated at the rate established by the Secretary of Treasury, pursuant to 28 U.S.C. Section 1961, but need not be paid until the following:

- If the dispute is resolved by agreement or by a Court decision, Defendant shall pay the penalties agreed upon or determined to be owing, together with interest, to Plaintiff within thirty (30) days of the effective day of the agreement.
- If any party appeals the Court's decision, Defendant shall pay all approved penalties determined to be owing by the Appellate Court, together with interest, within fifteen (15) days of receiving the final Appellate Court decision.
- Subject to the provisions of this Consent Decree, the stipulated penalties provided for in this Decree shall be in addition to any other rights, remedies, or sanctions available to Plaintiff for Defendant's violation of this Decree or applicable law.

The Court shall retain jurisdiction of this matter for the purposes of enabling any of the Parties to this Consent Decree to apply to the Court at any time for such further orders or directives as may be necessary or appropriate for the interpretation or modification of this Consent Decree, for the purpose of resolving disputes arising under this Decree or entering orders modifying this Decree, for the enforcement of compliance with the terms of this Decree, or for the punishment of violations thereof.

This Consent Decree shall constitute the final judgment of the Court as to the Parties. The Court finds that there is no just reason for delay and therefore enters this Judgment as a Final Judgment under Federal Rules of Civil Procedure, Rules 54 and 58.

The Court finds that the persons signing the Consent Decree have full and complete authority to enter into the binding and fully effective settlement of this action as set forth herein. The Court also finds that the person signing the stipulation for entry of Consent Decree have full and complete authority to enter into said stipulation. The Court further finds that entering into the settlement is in the best interests of the Parties.

The Complaint on file herein is ordered dismissed.

The Court orders the clerk to enter this Consent Decree forthwith.

**IT IS SO ORDERED.**

Dated: DEC 28 2007

_____
District Judge Presiding

**STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE**

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2603 Main Street, East Tower - Suite 1300, Irvine, California 92614-4281.

On December 21, 2007, I served on the interested parties in said action the within:

**[PROPOSED] ORDER FOR ENTRY OF CONSENT DECREE AND/OR JUDGMENT**

by placing a true copy thereof in a sealed envelope(s) addressed as stated below, and causing such envelope(s) to be deposited in the U.S. Mail at Irvine, California.

William John Lynne
Leather Depot
501 Hopkins Street
Neptune Beach, Florida 32266

[X] (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on December 21, 2007, at Irvine, California.

Laurie Rivera
(Type or print name)      (Signature)

Palmieri, Tyler, Wiener
Wilhelm & Waldron LLP
Attorneys at Law

-5-   [PROPOSED] ORDER FOR ENTRY OF CONSENT DECREE AND/OR JUDGMENT